COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Patrick Earl Ruffin, Jr. v. The State of Texas

Appellate case number:   01-14-00927-CR

Trial court case number: 1445769

Trial court:             263rd District Court of Harris County

Appellant filed a notice of appeal from the trial court's October 31, 2014 Judgement of Conviction by Jury. The time for appellant's brief to be filed in this appeal has expired, and no brief is on file. The record reflects trial counsel, Mark Lipkin, was permitted to withdraw and that appellate counsel would be appointed. To date, however, there is nothing in the record reflecting appellate counsel has been appointed. There is also nothing in the record to suggest Ruffin has been properly admonished regarding the dangers and disadvantages of proceeding on an appeal pro se.

Ruffin has filed a pro se motion requesting an extension of time to file his appellate brief in which he notes that no appellate counsel was appointed to represent him. In it, he has attached a letter from the 263rd District Court Coordinator, Erica Thomas-Brice, indicating that Ruffin is eligible for an appeal bond for cause number 1445769.

Because the record supports Ruffin's contention that he is without counsel, we abate this appeal and remand the case to the trial court for a hearing at which appellant shall be present in person. The court coordinator of the trial court shall set a date for said hearing and notify the parties, including appellant. If appellant is now incarcerated, he may appear by closed video teleconference.[1] We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

1) Whether appellant still wishes to pursue this appeal;
2) Whether appellant is now indigent and entitled to appointed counsel; and, if

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

indigent,

    a. **immediately appoint counsel on appeal and provide the name and address of appointed counsel to this Court**, and

3) If appellant is not indigent:

    a. whether he has retained an attorney to file a brief, and, if so, obtain the name, address, and telephone number of retained counsel;

    b. if appellant has not retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation, and

        i. determine whether appellant is knowingly and intelligently waiving his right to counsel; or,

        ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); *Oliver*, 872 S.W.2d at 716; *Minjares*, 577 S.W.2d at 224; *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court **no later than 30 days from the date of this order**. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the abatement hearing are filed in this Court.

**Appellant's brief shall be filed within 30 days of the date on which the trial court conducts the hearing**, regardless of whether this Court has reinstated the case on its active docket.

It is so ORDERED.

Judge's signature: /s/ <u>Rebeca Huddle</u>

        X  Acting individually

Date: March 9, 2015